Gina M. Serra, SBN 361172
Alex J. Tramontano, SBN 276666
**RIGRODSKY LAW, P.A.**
1091 N. Palm Canyon Drive, Suite 9
Palm Springs, CA 92262
Telephone: (760) 406-5746
Facsimile: (302) 654-7530
Email: gms@rl-legal.com
Email: ajt@rl-legal.com

*Counsel for Plaintiff Christopher Naimoli and Proposed Co-Lead Counsel*

*[Additional Counsel on Signature Block]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER NAIMOLI, derivatively on behalf of NAVAN, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ARIEL COHEN, AMY BUTTE, ANNE GIVISKOS, BEN HOROWITZ, ARIF JANMOHAMED, MICHAEL KOUREY, CLARA LIANG, SANDESH PATNAM, ILAN TWIG, ANRÉ WILLIAMS, and OREN ZEEV,<br><br>Defendants,<br><br>and<br><br>NAVAN INC.,<br><br>Nominal Defendant. | Case No. 3:26-cv-09981-CRB<br><br>Judge Charles R. Breyer<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER CONSOLIDATING RELATED SHAREHOLDER DERIVATIVE ACTIONS, APPOINTING CO-LEAD COUNSEL FOR PLAINTIFFS, AND STAYING THE CONSOLIDATED ACTION** |

*[Additional caption on following page]*

| | |
|---|---|
| SEKOU CHERIF, Derivatively on Behalf of Nominal Defendant NAVAN, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ARIEL COHEN, AMY BUTTE, ANNE GIVISKOS, BEN HOROWITZ, ARIF JANMOHAMED, MICHAEL KOUREY, CLARA LIANG, SANDESH PATNAM, ILAN TWIG, ANRÉ WILLIAMS, and OREN ZEEV,<br><br>Defendants,<br><br>and<br><br>NAVAN, INC.,<br><br>Nominal Defendant. | Case No. 3:26-cv-10853-CRB<br><br>Judge Charles R. Breyer |

Plaintiffs Christopher Naimoli ("Naimoli") and Sekou Cherif ("Cherif," and together with Naimoli, "Plaintiffs"), defendants Ariel Cohen, Amy Butte, Anne Giviskos, Ben Horowitz, Arif Janmohamed, Michael Kourey, Clara Liang, Sandesh Patnam, Ilan Twig, Anré Williams, and Oren Zeev (together, the "Individual Defendants"), and nominal defendant Navan, Inc. ("Navan" and, together with the Individual Defendants, "Defendants," and with Plaintiffs, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, on September 8, 2026, Plaintiff Naimoli filed a verified shareholder derivative complaint in this Court in the action captioned *Naimoli v. Cohen, et al.*, Case No. 3:26-cv-09981-CRB (N.D. Cal.) (the "*Naimoli* Action") on behalf of Navan against the Individual Defendants for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, waste of corporate assets, and for contribution under Section 11(f) of the Securities Act of 1933 (the "Securities Act") and Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"). *Naimoli* Action, ECF No. 1;

WHEREAS, on September 23, 2026, Plaintiff Cherif filed a verified shareholder derivative complaint in this Court in the action captioned *Cherif v. Cohen, et al.*, Case No. 3:26-cv-10853-CRB (N.D. Cal.) (the "*Cherif* Action," and together with the *Naimoli* Action, the "Derivative Actions") on behalf of Navan against the Individual Defendants for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, waste of corporate assets, and for contribution under Section 11(f) of the Securities Act and Section 21D of the Exchange Act. *Cherif* Action, ECF No. 1;

WHEREAS, Defendants have agreed, through counsel, to accept service of process for the complaints in the Derivative Actions;

WHEREAS, a securities class action was also filed in this Court on February 23, 2026, captioned *McCown v. Navan, Inc., et al.*, Case No. 3:26-cv-01550-CRB (N.D. Cal.) (the "Securities Class Action") asserting claims under Sections 11, 12(a), and 15 of the Securities Act against Navan, the Individual Defendants, and certain underwriters of Navan's initial public offering based on allegations that overlap with the underlying assertions in the Derivative Actions;

WHEREAS, on October 5, 2026, Plaintiffs filed an Administrative Motion to Consider Whether Cases Should Be Related (the "Administrative Motion") in the lowest-numbered case, the Securities Class

Action, ECF No. 72;

WHEREAS, on November 6, 2026, the Court granted the Administrative Motion and the Derivative Actions are now pending before Judge Breyer. Securities Class Action, ECF No. 74.

WHEREAS, under Fed. R. Civ. P. 42(a), when actions involve "a common question of law or fact," the Court may: "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.";

WHEREAS, there is overlap between the facts and circumstances alleged in the Derivative Actions, including the potential relevance of many of the same documents and witnesses;

WHEREAS, in order to promote economy of time and effort for the Court, for counsel, and for litigants, the Parties have agreed that, in light of the overlap between the Derivative Actions, the Derivative Actions should be consolidated with each other (the "Consolidated Derivative Action") on the terms set forth below;

WHEREAS, in order to realize the efficiencies made possible by consolidation of the Derivative Actions, Plaintiffs agree that Rigrodsky Law, P.A. and The Rosen Law Firm, P.A.[1] shall be designated as Co-Lead Counsel for plaintiffs in the Consolidated Derivative Action;

WHEREAS, Defendants agree that the Derivative Actions should be consolidated and take no position on the appointment of Co-Lead Counsel for Plaintiffs;

WHEREAS, there is substantial overlap between the facts and circumstances alleged in the Consolidated Derivative Action and those underlying the Securities Class Action, including the relevance of certain of the same documents and witnesses;

WHEREAS, the Individual Defendants in the Consolidated Derivative Action are also defendants in the Securities Class Action;

WHEREAS, the defendants in the Securities Class Action filed a motion to dismiss on September 24, 2026 (the "Motion to Dismiss"). Securities Class Action, ECF No. 68; and

---

[1] Attached hereto as Exhibits A and B are the firm resumes of Rigrodsky Law, P.A. and The Rosen Law Firm, P.A., respectively.

WHEREAS, in order to ensure economy of time and effort for the Court, for counsel, and for the litigants, the Parties agree that the Consolidated Derivative Action should be temporarily stayed on the terms set forth below.

IT IS ACCORDINGLY STIPULATED AND AGREED, by and between the undersigned counsel for the Parties, subject to Court approval, that:

1. Defendants' counsel accepts service of the complaints in the Derivative Actions on behalf of all Defendants pursuant to Fed. R. Civ. P. 4 and agrees that such acceptance shall have the same force and effect as formal service of process. Acceptance of service does not waive any rights, claims, or defenses, including defenses to personal jurisdiction and venue, other than objections to the sufficiency of service.

2. The Derivative Actions shall be consolidated for all purposes, including pre-trial proceedings and trial, under Lead Case No. 3:26-cv-09981-CRB:

| **Case Name** | **Case Number** | **Date Filed** |
|---|---|---|
| *Naimoli v. Cohen, et al.* | 3:26-cv-09981-CRB | September 8, 2026 |
| *Cherif v. Cohen, et al.* | 3:26-cv-10853-CRB | September 23, 2026 |

3. Every pleading filed in the Consolidated Derivative Action shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE NAVAN, INC. STOCKHOLDER DERIVATIVE LITIGATION | Lead Case No. 3:26-cv-09981-CRB<br>(Consolidated) |
| This Document Relates to:<br>ALL ACTIONS | |

4. All papers filed in connection with the Consolidated Derivative Action will be maintained in one file under Lead Case No. 3:26-cv-09981-CRB. All documents previously filed and/or served in the Derivative Actions shall be deemed part of the record in the Consolidated Derivative Action.

5. Co-Lead Counsel for plaintiffs in this Consolidated Derivative Action shall be as follows:

**RIGRODSKY LAW, P.A.**
Gina M. Serra, SBN 361172
Alex J. Tramontano, SBN 276666
1091 N. Palm Canyon Drive, Suite 9
Palm Springs, CA 92262
Telephone: (760) 406-5746
Email: gms@rl-legal.com
Email: ajt@rl-legal.com

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, SBN 219683
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Email: lrosen@rosenlegal.com

Erica L. Stone
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Email: estone@rosenlegal.com

6. Co-Lead Counsel shall have the sole authority to speak for plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

7. Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

8. Counsel for all Defendants may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representatives of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs.

9. This Order shall apply to each related purported shareholder derivative action involving the same or substantially the same allegations, claims, and defendants, and arising out of the same, or substantially the same, transactions or occurrences as the Consolidated Derivative Action, that is

subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of *In re Navan, Inc. Stockholder Derivative Litigation*, Case No. 3:26-cv-09981-CRB, is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, this Court requests the assistance of counsel for the Plaintiffs in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any cases that might properly be consolidated as part of the Consolidated Derivative Action, and counsel for Plaintiffs are to assist in assuring that counsel in subsequent actions receive notice of this Order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Derivative Action shall apply to all later filed shareholder derivative actions involving Navan filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, which actions shall be consolidated into the Consolidated Derivative Action.

10. All proceedings and deadlines in the Consolidated Derivative Action—including any obligation by Defendants to answer, move against, or otherwise respond to any complaints filed in the Consolidated Derivative Action—shall be stayed until: (i) the dismissal of the Securities Class Action, with prejudice, and exhaustion of all appeals related thereto, if any; (ii) the denial of the Motion to Dismiss in the Securities Class Action, in whole or in part; or (iii) any Party giving fourteen (14) days' notice to the other Party's undersigned counsel that they no longer consent to the stay and the Court then lifting the stay.

11. Within thirty (30) days after the occurrence of any of the foregoing events listed in Paragraph 10 triggering the lifting of the stay, the Parties shall meet and confer and submit a proposed schedule governing further proceedings in the Consolidated Derivative Action. Until the Court enters an order establishing a schedule for further proceedings, Defendants shall have no obligation to answer, move against, or otherwise respond to any complaint in the Consolidated Derivative Action.

12. Plaintiffs may amend the complaint during the pendency of the stay, but Defendants shall have no obligation to move, answer, plead, or otherwise respond to that amended complaint, or any other complaint that is filed in or consolidated with the Consolidated Derivative Action, during the pendency of the stay.

13. Defendants' counsel shall promptly notify Plaintiffs upon becoming aware of any derivative

actions filed in any forum (“Related Derivative Actions”), any litigation demands, or any books and records demands made pursuant to 8 *Del. C.* § 220 (“Related Demands”), arising out of the same facts and circumstances alleged in the Consolidated Derivative Action and/or the Securities Class Action.

14. If, during the pendency of the stay, Navan provides copies of any books and records to a stockholder who made a Related Demand (“Books and Records”), Navan will also promptly produce copies of such Books and Records to Plaintiffs, subject to Parties’ counsel entering a reasonable and mutually agreed-to confidentiality agreement or protective order governing the use of the documents in the Consolidated Derivative Action and the use and disclosure of any confidential material therein, on terms no less protective than those agreed to by the stockholder(s) and counsel making the Related Demand. During the pendency of the stay, Plaintiffs will not use Books and Records provided by the Defendants for any purposes besides settlement discussion, including filing an amended complaint containing Books and Records in the Consolidated Derivative Action. Nevertheless, if a Related Derivative Action files a complaint containing Books and Records during the pendency of the stay, then Plaintiffs may file an amended complaint containing Books and Records in the Consolidated Derivative Action.

15. Subject to the approval of the plaintiffs in the Securities Class Action, Defendants shall provide Plaintiffs with advance notice of the scheduling of any mediation or formal settlement discussions in the Securities Class Action, and shall request that Plaintiffs be included in any such mediation, to the extent practicable. If Plaintiffs are not permitted to attend any such mediation or formal settlement discussions, Defendants will separately mediate with Plaintiffs at or about the same time. Defendants shall also provide Plaintiffs with advance notice of the scheduling of any mediation or formal settlement discussions in connection with any Related Derivative Actions or Related Demands, and shall include Plaintiffs in any such mediation or formal settlement discussions.

16. Defendants shall promptly notify Plaintiffs if a Related Derivative Action is not stayed on substantially similar terms and for a similar or longer duration than the Consolidated Derivative Action.

17. In the event that Defendants agree to terms or conditions to stay a Related Derivative Action or Related Demand that are more favorable to the plaintiff(s) therein, those more favorable terms or conditions shall be deemed incorporated into this agreement. To the extent Defendants do not agree to

modify the stay agreement, the Parties agree that Plaintiffs may terminate the stay.

18. This stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Consolidated Derivative Action.

Respectfully submitted,

DATED: November 24, 2026

**RIGRODSKY LAW, P.A.**

By: /s/ *Alex J. Tramontano*

Gina M. Serra, SBN 361172
Alex J. Tramontano, SBN 276666
1091 North Palm Canyon Drive, Suite 9
Palm Springs, CA 92262
Telephone: (760) 406-5746
Facsimile: (302) 654-7530
Email: gms@rl-legal.com
Email: ajt@rl-legal.com

*Counsel for Plaintiff Christopher Naimoli and Proposed Co-Lead Counsel*

**GRABAR LAW OFFICE**

Joshua H. Grabar
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 507-6085
Email: jgrabar@grabarlaw.com

*Of Counsel for Plaintiff Christopher Naimoli*

DATED: November 24, 2026

**THE ROSEN LAW FIRM, P.A.**

By: /s/ *Laurence M. Rosen*

Laurence M. Rosen, SBN 219683
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff Sekou Cherif and Proposed Co-Lead Counsel*

DATED: November 24, 2026

**COOLEY LLP**

By: /s/ *Patrick Edwards Gibbs*
Patrick Edwards Gibbs
Tijana Brien
Tara E. Levens
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Email: pgibbs@cooley.com
Email: tbrien@cooley.com
Email: tlevens@cooley.com

*Counsel for Defendants*

**Attestation Pursuant to Civil Local Rule 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all other signatories listed, and on whose behalf this filing is jointly submitted, concur in this filing's content and have authorized me to file this document.

Dated: November 24, 2026

*/s/ Alex J. Tramontano*
Alex J. Tramontano

**[~~PROPOSED~~] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED

Dated: November 24, 2026

HON. CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE